# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN MIGUEL HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security<br><br>Defendant.<br>_____/ | Case No. 1:19-cv-01531-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

On October 28, 2019, minor child Plaintiff Logan Miguel Hernandez ("Plaintiff"), through his Court-appointed guardian *ad litem*, filed a complaint under 42 U.S.C. § 1383(c) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Docs. 1, 10.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.   BACKGROUND

On April 9, 2016, an application for SSI was protectively filed on behalf of Plaintiff, a

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 6, 11.)

child under the age of 18. (Administrative Record ("AR") 237–46 (Plaintiff was born on February 25, 2007).) The application alleged that Plaintiff became disabled on February 25, 2009, due to learning disabilities, speech and language problems, and attention deficit hyperactivity disorder (ADHD). (AR 396–97.)

The Commissioner denied Plaintiff's application for benefits initially on September 7, 2016, and again on reconsideration on December 20, 2016. (AR 131–34; AR 138–43.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 144–61.) The ALJ conducted a hearing on January 5, 2018. (AR 47–69.) Plaintiff appeared at the hearing with his mother, his counsel, and an interpreter, and provided testimony. (AR 50–61.) Plaintiff's mother also testified at the hearing. (AR 62–68.)

In a decision dated November 14, 2018, the ALJ found that Plaintiff was not disabled. (AR 21–39.) Plaintiff sought review of this decision before the Appeals Council, which denied review on August 23, 2019. (AR 1–8.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III. SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts

from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

### IV.   APPLICABLE LAW

A child (defined as an individual under the age of eighteen) is considered disabled for purposes of disability benefits if he or she is "unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (quoting 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)); Lowe v. Berryhill, Case No. 1:17-cv-00349-SKO, 2018 WL 2096264, at *7 (E.D. Cal. May 7, 2018). The impairment or impairments must "result[] in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)).

The ALJ must undertake a three-step sequential analysis in the process of evaluating a child's disability. In the first step, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If not, in the second step, the ALJ must determine whether the child has a severe impairment or a combination of impairments causing marked functional limitations. *Id*. If so, in the third step, the ALJ must determine whether the child has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id*. If so, the child is found to be disabled, assuming the twelve-month duration requirement is also met. *Id*.

Step three encompasses two analytical steps. First, it must be determined whether the claimant's impairment meets or medically equals a Listing. Second, the impairment must also satisfy all the criteria of the Listing. 20 C.F.R. § 416.925(d). The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir.1985). If the claimant does not meet or medically equal a Listing, he may still be considered

disabled if an impairment results in limitations that "functionally equal the listings." 20 C.F.R. § 416.926a(a).

In determining whether the severe impairment functionally equals a Listing, the ALJ must assess the claimant's functioning in six "domains." The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do." *Id*., § 416.924a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To "functionally equal" the listings, the impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id*., § 416.926a(a), (d). In making this assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant preforms his activities "compared to the performance of other children [the claimant's] age who do not have impairments." *Id*., § 416.926a(b).

A minor has a "marked" limitation in a domain if his impairment "interferes seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The regulations also provide that "marked" limitations means a limitation that is "more than moderate" but "less than extreme." *Id*. A minor has an "extreme" limitation in a domain if his impairment "interferes very seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). The regulations also provide that an "extreme" limitation also means a limitation that is "more than marked." *Id*. However, "extreme" limitation does not mean a "total lack or loss of ability to function." *Id*.

The claimant bears the burden of establishing a *prima facie* case of disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *see* 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. This burden requires a showing that the minor has an impairment listed in the regulations, and that he has met the duration requirement. *See* 20 C.F.R. § 416.924(a), 416.924(d)(2).

## V.  THE ALJ'S DECISION

In her decision, ALJ conducted the three-step childhood disability analysis set forth in 20

C.F.R. § 416.924. (AR 24–39.) The ALJ noted that Plaintiff was a preschooler on April 9, 2016, the date the application was filed, and that he had not engaged in substantial gainful activity since that date (step one). (AR 24.) At step two, the ALJ found that Plaintiff had the severe impairments of ADHD, learning disorder, communication disorder, and psychosis. (AR 24.) The ALJ further found that Plaintiff had no impairment or combination of impairments that functionally equaled the severity of the Listings, in that they resulted in either marked limitations in two domains of functioning or extreme limitation in one domain of functioning (step three). (AR 38.) In reaching this finding, the ALJ considered the relevant medical evidence and opinions, Plaintiff's and his mother's testimony, and third-party statements by Plaintiff's teachers. (AR 24–31.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to produce the alleged symptoms[,]" she rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 26.) The ALJ also afforded "partial" weight to the opinion of treating source Jonathan Terry, D.O. (AR 28), "some" weight to the opinions of consultative examiner Almee Sanchez, Ph.D. and Lance Portnoff, Ph.D. (AR 29), and "less" weight to the third-party statements by Plaintiff's teachers (AR 30–31). The ALJ analyzed Plaintiff's functioning "in terms of six functional equivalence domains," including (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. (AR 22, 31–38.) The ALJ concluded that Plaintiff was not disabled. (AR 38–39.)

## VI.    DISCUSSION

Plaintiff asserts that the ALJ erred at step three in finding that Plaintiff's severe impairments did not functionally equal the Listing, despite opinion evidence demonstrating a "marked" limitation in the domain of attending and completing tasks. (*See* Docs. 20, 23.) The Commissioner responds that the ALJ properly discounted such opinion evidence. (*See* Doc. 21.)

Implicit in both parties' arguments is the assumption that the ALJ made a determination that Plaintiff had "less than marked" limitation in the domain of attending and completing tasks. As Plaintiff points out (albeit summarily), the ALJ's decision is not clear in this regard. (*See*

5

Doc. 20 at 7.)  In evaluating the opinion evidence, the ALJ rejected the opinion of treating source Jonathan Terry, D.O., that Plaintiff had marked limitation in the domain of attending and completing tasks.  (AR 28.)  Yet, later in the decision, during her discussion of findings "in terms of the six functional equivalence domains," the ALJ wrote the following:

> <u>The claimant has less than marked limitation in attending and completing tasks</u>. As discussed above, the claimant has been diagnosed with ADHD (Exhibits lF, 3F, 13F, 18F).  The claimant's mother indicated that the claimant does not finish what he stars, including completing homework or chores (Exhibits 2E, p. 11; 9E, p. 11).  The claimant has been noted as understanding concepts, but his work was described as being unfocused, labored, and incomplete (Exhibit lF, p. 7).  The claimant was noted as struggling with stamina and being able to focus when taking a high level assessment and he was described as being inattentive, overactive/hyperactive, and agitated (Exhibits 15E, p. 4; 6F, p. 4).  However, the claimant's ability to focus was improved with medication (Exhibit SE, p. 3). Additionally, during a consultative psychological evaluation, although he was unable to spell the word "belt" backwards, the claimant was able to count backwards from 10 to one, and follow a basic three-step command (Exhibit 18F, p. 4). ***Nevertheless, I find the claimant has marked limitation in this domain***.

(AR 34 (bolded and italicized emphasis added).)  The decision is thus internally inconsistent.

Plaintiff asserts that this inconsistency requires remand for clarification.  (*See* Doc. 20 at 7.)  The Court agrees.  Material inconsistencies and ambiguities in the ALJ's decision generally warrant remand.  *See Perez v. Astrue*, 250 Fed. App'x. 774, 776 (9th Cir. 2007) (remanding in part because the ALJ's findings were "internally inconsistent") (unpublished); *Bridges v. Colvin*, No. CV 13-5618-E, 2014 WL 1370369, at *3 (C.D. Cal. Apr. 8, 2014) (same); *Rodriguez v. Astrue*, 2011 WL 1103119, at *9 (E.D. Cal. Mar. 22, 2011) ("[R]emand for further proceedings is proper due to the ambiguity of the ALJ's decision. . . ."); *Elias v. Astrue*, No. CIV 10-244-TUC-CKJ, 2011 WL 1329967, at *1 (D. Ariz. Mar. 9, 2011), at *7 (finding the ALJ's decision not supported by substantial evidence and recommending remand because the ALJ's decision was "internally inconsistent"), *report and recommendation adopted*, No. CIV 10-244-TUC-CKJ, 2011 WL 1322083 (D. Ariz. Apr. 7, 2011); *Gonzalez v. Astrue*, No. CV 08-6957-CT, 2009 WL 577279, at *3 (C.D. Cal. Mar. 5, 2009) ("[R]emand is necessary for the ALJ to clarify the ambiguity within his opinion. . . ."); *Chenault v. Astrue*, No. CV 07-7690-E, 2008 WL 2705573, at *1-3 (C.D. Cal. July 10, 2008) (remanding because the ALJ's findings were "internally

inconsistent"). *See also Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir. 1999) (materially "inaccurate characterization of the evidence" warrants remand); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion. . . ."). When ambiguities or inconsistencies in the ALJ's decision clearly arose from typographical errors, however, remand is unnecessary. *Bridges*, 2014 WL 1370369, at *3 (citing *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir.1999) (no remand necessary where the ALJ erroneously referred to "Ex. B at 5" while intending to refer to "Exhibit B-5")).

In the present case, the ALJ's ambiguous finding regarding the domain of attending and completing tasks is material to the disability determination: a finding of marked limitation in this domain, when coupled with the ALJ's (undisputed) finding of marked limitation in the domain of acquiring and using information (AR 32–33), would compel the conclusion at step three that Plaintiff's severe impairment(s) functionally equaled a Listing and he was thus disabled.[2] *See* 20 C.F.R. § 416.926a(a), (d). Although the Commissioner contends that the ALJ made a "scrivener's error" and meant that Plaintiff had less than marked limitation in the domain of attending and completing tasks (*see* Doc. 21 at 8 n.6), that is not at all clear—particularly given the ALJ's use of the word "nevertheless." (*See* AR 34.) The Court therefore remands the case to the ALJ to clarify the inconsistency. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision.). *See also Guerra v. Colvin*, Case No. 1:15-cv-01408-SKO, 2016 WL 5404442, at *8 (E.D. Cal. Sept. 28, 2016) ("Because the decision of the ALJ was internally inconsistent, the final decision of the Commissioner is not supported by substantial evidence and this case should be remanded to the Commissioner for further proceedings.").

### VII.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case is REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of this Court is DIRECTED to enter

---

[2] This is assuming the twelve-month duration requirement is also met.

1  judgment in favor of Plaintiff Logan Miguel Hernandez and against Defendant Andrew Saul,
2  Commissioner of Social Security.
3
4  IT IS SO ORDERED.
5  Dated:     **January 8, 2021**                             /s/ *Sheila K. Oberto*
6                                                                       UNITED STATES MAGISTRATE JUDGE